UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEXT LEVEL VENTURES, LLC, a Washington limited liability company,<br><br>Petitioner,<br><br>v.<br><br>AVID HOLDINGS LTD. F/K/A ALDEREGO GROUP LTD., a Hong Kong, S.A.R. limited liability company, and DOES I-XX,<br><br>Respondents. | No. _____<br><br>**PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT** |

Petitioner Next Level Ventures, LLC ("NLV"), by and through counsel of record, hereby moves the Court, pursuant to Sections 9 and 202-204 of Title 9 of the United States Code (the "Federal Arbitration Act" or "FAA"), for entry of an order confirming the April 22, 2022 arbitration award (the "Final Award") made before the American Arbitration Association in favor of NLV and against Defendant AVID Holdings Ltd. f/k/a AlderEgo Group, Ltd. ("AVID") and, accordingly, entering judgment in favor of NLV in conformity with the Final Award. A copy of the Final Award is attached as Exhibit 1 to the Declaration of Michael Brosgart ("Brosgart Decl."), which is filed herewith.

## I.    BACKGROUND AND PROCEDURAL FACTS

### A.    The Parties, Jurisdiction, and Venue

1.    NLV markets and sells vaping devices and accessories (collectively "VDs") to distributors of VDs. NLV is a Washington limited liability company. (*See* Final Award, ¶ 1).

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT - 1

4888-9767-5561v.8 0118630-000001

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
503.241.2300 main · 503.778.5299 fax

2. AVID is a Hong Kong, S.A.R. limited liability company that was formerly known as AlderEgo Group, Ltd. AVID manufactures and sells VDs. (Final Award, ¶ 2).

3. This court has subject matter jurisdiction over this petition under 28 U.S.C. § 1332(a)(1) because NLV and AVID are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. This Court also has subject matter jurisdiction over this petition pursuant to 9 U.S.C. § 203 because AVID is a Hong Kong, S.A.R. limited liability company whose principal place of business is not in the United States, and NLV is a Washington limited liability company with its principal place of business in Washington, thus the Final Award falls under the New York Convention giving this Court original jurisdiction.

5. Additionally, this Court has subject matter jurisdiction and personal jurisdiction over AVID pursuant to 9 U.S.C. § 9, because the Final Award giving rise to this Petition was issued in Seattle, Washington less than one year before this Petition being filed.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) and 9 U.S.C. § 9 because the Final Award giving rise to this Petition was issued in Seattle, Washington.

**B.    Background**

7. In 2018, NLV and AVID began working together. The parties entered into an Exclusive Distribution Agreement in 2019, and an Amended and Restated Exclusive Distribution Agreement (the "Agreement") in April 2020. Under the Agreement, AVID agreed to supply VDs to NLV as the exclusive global distributor of those VDs. AVID breached the Agreement by refusing to fill certain purchase orders and refusing to accept new purchase orders, by refusing to indemnify NLV for NLV's costs and expenses incurred in defending a patent infringement proceeding brought by third parties, and by breaching the Agreement's exclusivity provision. (Final Award, ¶ 3; Brosgart Decl., Ex. 2 (Agreement)), among other breaches.

**C.    The Arbitration**

8. NLV initiated the Arbitration by submitting its Demand for Arbitration and Statement of Claims, which was filed with the International Centre for Dispute Resolution

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT - 2

4888-9767-5561v.8 0118630-000001

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR  97201-5610
503.241.2300 main · 503.778.5299 fax

("ICDR") on October 5, 2021 (the "Arbitration"). The ICDR is the international division of the American Arbitration Association ("AAA") responsible for administering international arbitrations. NLV's operative claims were set forth in an Amended Statement of Claims ("ASOC"), which was filed with the ICDR on October 22, 2021. The ASOC alleged that AVID breached the Agreement and sought relief including money damages and declaratory relief. (Final Award, ¶ 4).

9. Thomas J. Brewer, Esq. was appointed as the Arbitrator.

10. The Arbitration was conducted in accordance with the AAA Commercial Arbitration Rules as required by paragraph 30 of the Agreement. (Final Award, ¶ 7).

11. Counsel for AVID and an entity related to AVID appeared at the initial conference with the AAA, but that attorney had no further participation in the Arbitration.

12. Despite being provided with notice of the Arbitration, and confirmed delivery of all filings by NLV, the ICDR, the AAA, and the arbitrator, AVID chose not to participate in the Arbitration. AVID did not file an answering statement with the ICDR in response to the Arbitration Demand. No pre-hearing submission was submitted by AVID prior to the beginning of the Arbitration Hearing. Arbitrator Brewer held the Arbitration Hearing on April 1, 2022. AVID chose not to attend the Arbitration Hearing. (Final Award, ¶¶ 5, 6, 13, 15, 16, 17, 18).

**D. Arbitration Award**

13. On April 22, 2022, the Arbitrator issued the Final Award. (*See* Final Award).

14. The Final Award includes a recitation of pertinent facts and analysis of legal issues. Based on the facts submitted, the Arbitrator's analysis, and the applicable law, the Arbitrator awarded NLV the following relief:

    a. Damages in the amount of US $892,020.25 in favor of NLV and against AVID, consisting of:

        i. $40,674.83 in financing costs associated with making a $7,000,000 payment to the original manufacturer (the "Factory") that had been selling the VDs to AVID;

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT - 3

4888-9767-5561v.8 0118630-000001

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
503.241.2300 main · 503.778.5299 fax

      ii. $64,532.00 in legal fees incurred to negotiate and prepare documents associated with making that $7,000,000 payment, and to obtain legal advice to enable NLV to continue to operate its business pursuant to its rights of "self-help" under Section 4.2 of the Agreement;

      iii. $16,600.00 in re-branding fees incurred in connection with the mitigation of harms NLV suffered as a result of AVID's breaches of the Agreement;

      iv. $582,283.76 in legal fees incurred with the law firm Dentons in connection with NLV's involvement in proceedings before the International Trade Commission (the "ITC Proceedings") that resulted from AVID's breaches of, among other things, its obligations to indemnify and hold harmless NLV against any actions regarding VDs purchased by NLV from AVID, including the ITC Proceedings involving two complaining parties known as SMOORE and AIRO;

      v. $83,000.00 in fees incurred with the Albright Stonebridge Group to mitigate the harm NLV has suffered in connection with its involvement in the ITC Proceedings;

      vi. $95,020.94 in legal fees NLV incurred with the law firm Dentons through April 22, 2022, in connection with NLV's involvement in the Arbitration;

      vii. $4,865.00 in legal fees NLV incurred with the law firm Davis Wright Tremaine, LLP in connection with NLV's involvement in the Arbitration;

      viii. $43.72 in costs NLV incurred in the Arbitration, exclusive of fees paid to the American Arbitration Association; and,

      ix. $5,000 for NLV's attorneys' fees incurred in connection with the Arbitration Hearing conducted on April 1, 2022.

(Final Award, ¶ 115).

  b. Interest on the above monetary amounts at the rate of 12% per annum until paid in full. (Final Award, ¶ 115).

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT - 4

4888-9767-5561v.8 0118630-000001

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
503.241.2300 main · 503.778.5299 fax

    c. The following declaratory or non-monetary relief requested by NLV:

        i. AVID is in breach of the Agreement for (1) failing to ship substantially all of the VDs specified in unfilled purchase orders, (2) failing to indemnify and defend NLV against claims in the ITC Proceedings, and (3) interfering with NLV's exclusivity rights under the Agreement;

        ii. NLV performed all of its obligations under the Agreement;

        iii. There is no "cause" that would allow AVID to terminate the Agreement as of April 22, 2022, and the Agreement remains in full force and effect;

        iv. NLV is entitled to receive the full benefit of its bargain under the Agreement;

        v. AVID is required pursuant to Section 15.2 of the Agreement to indemnify, hold harmless and defend NLV against the losses, damages and injuries incurred by NLV arising from the claims asserted against NLV in the ITC Proceedings;

        vi. NLV is entitled to exercise its rights under Sections 4.2 and 6 of the Agreement, including (i) the right to continue to engage in self-help by obtaining substitute Goods from the Factory (Section 4.2) and (ii) the right to continue with the worldwide exclusive use of all AVID's trademarks licensed to NLV under the Agreement (Section 6);

        vii. AVID and its affiliates are not entitled to use any of the trademarks licensed to NLV under the Agreement, including those referenced herein, in any promotional, advertising or marketing materials or content of, on or relating to Goods, or other public-facing content anywhere in the world without the prior written consent of NLV;

        viii. AVID and its affiliates are not entitled to publish statements that interfere with NLV's exclusivity rights under Section 1.1 of the Agreement; and

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT - 5

4888-9767-5561v.8 0118630-000001

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
503.241.2300 main · 503.778.5299 fax

          ix. AVID and its affiliates are prohibited from interfering with NLV's exclusivity rights under Section 1.1 of the Agreement by engaging with third parties to manufacture, market, promote, distribute or sell the Goods. (Final Award, ¶ 115).

15. AVID has not made any motion to modify, vacate or correct the Final Award under 9 U.S.C. § 10 or 9 U.S.C. § 11.

16. Pursuant to 9 U.S.C. § 9, NLV brings this action within one year of the issuance of the Final Award.

## II.  COUNT ONE
### (Confirmation of Arbitration Award)

17. The Federal Arbitration Act authorizes a party to an arbitration agreement to apply for an order confirming the arbitration award "anytime within one year after the award." 9 U.S.C. § 9. "[T]he court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* (emphasis added).

18. AVID has not sought to vacate, modify, or challenge the Final Award. Therefore, the limited statutory grounds under the Federal Arbitration Act Sections 10 and 11 are not available here.

19. The Final Award contains a thorough, reasoned, and accurate discussion of the facts and law. The Ninth Circuit, however, has held that the Court should confirm arbitration awards without reexamining the factual and legal reasoning of the Arbitrator because "confirmation is required even in the face of 'erroneous findings of fact or misinterpretations of law' . . . [and even if] the [Arbitrator] may have failed to understand or apply the law." *See, e.g., French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (citations omitted).

20. NLV is therefore entitled to prompt confirmation of the Final Award, along with entry of judgment in conformity with the Final Award.

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT - 6

4888-9767-5561v.8 0118630-000001

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
503.241.2300 main · 503.778.5299 fax

### III. PRAYER FOR RELIEF

NLV respectfully requests that this Court:

1. Issue an Order pursuant to 9 U.S.C. § 9 confirming the Final Award issued by the Arbitrator on April 22, 2022;

2. Enter Judgment in favor of NLV against AVID in conformity with the Final Award;

3. Grant an award of reasonable costs and attorneys' fees incurred by NLV in connection with confirmation of the Final Award in this action, as permitted by law; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of August, 2022.

>Davis Wright Tremaine LLP
>Attorneys for Petitioner Next Level Ventures, LLC
>
>By s/ Tim Cunningham
>   Tim Cunningham, WSBA #50244
>   timcunningham@dwt.com
>   1300 SW Fifth Avenue, Suite 2400
>   Portland, OR  97201-5610
>   Telephone: 503.241.2300
>   Fax: 503.778.5299
>
>Dentons Durham Jones Pinegar
>Attorneys for Petitioner Next Level Ventures, LLC
>
>   David W. Tufts (*pro hac vice forthcoming*)
>   david.tufts@dentons.com
>   Peter H. Donaldson (*pro hac vice forthcoming*)
>   peter.donaldson@dentons.com
>   111 South Main Street, Suite 2400
>   Salt Lake City, UT 84111
>   Telephone: 801.415.3000

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT - 7

4888-9767-5561v.8 0118630-000001

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR  97201-5610
503.241.2300 main · 503.778.5299 fax