THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEXT LEVEL VENTURES, LLC,<br><br>              Petitioner,<br><br>      v.<br><br>AVID HOLDINGS LTD. F/K/A ALDEREGO GROUP LTD. and DOES I-XX,<br><br>              Respondents. | CASE NO. C22-1083-JCC<br><br>ORDER |

        This matter comes before the Court on Petitioner Next Level Ventures LLC's ("NLV") motion for further relief in aid of declaratory judgment (Dkt. No. 42). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

        In May 2023, this Court confirmed an arbitration award against Respondent Avid Holdings Ltd ("Avid") in the amount of $892,020.25 plus 12% interest per annum. (*See* Dkt. No. 37.) This included the arbitrator's declaration that "Avid is required . . . to indemnify, hold harmless and defend NLV against the losses, damages and injuries incurred by NLV arising from

the claims asserted by SMOORE and AIRO."[1] (Dkt. No. 2-1 at 27.) NLV alleges that it has also incurred $2,019,588.65 in attorney fees and costs in defending against claims asserted by SMOORE—an amount not included in the arbitration award. (Dkt. No. 42 at 4.) NLV asks for judgment on this additional amount, along with interest, for a total of $2,339,084.06. (*Id.*) Avid opposes.[2] (*See* Dkt. No. 46.)

28 U.S.C. § 2202 allows courts to grant "further necessary or proper relief based on a declaratory judgment." Where a court has confirmed an arbitration award pursuant to 9 U.S.C. § 13, this may include an injunction enforcing the terms of the award. *See Marine Club Manager, Inc. v. RB Com. Mortg., LLC*, 2023 WL 8103154, slip op. at 4–5 (W.D.N.C. 2023). However, "[i]n the context of an arbitration, the judgment to be enforced encompasses the terms of the confirmed arbitration awards *and may not enlarge upon those terms*." *Zeiler v. Deitsch*, 500 F.3d 157, 170 (2d Cir. 2007) (emphasis added); *accord J.B. Hunt Transp., Inc. v. BNSF Ry. Co.*, 9 F.4th 663, 669 (8th Cir. 2021) ("Unlike merely clarifying the Award, granting a remedy that the Award did not grant would constitute modifying the Award.") The First Circuit has ruled that "unless 'it is beyond argument that there is no material factual difference between the new dispute and the one decided in the prior arbitration that would justify an arbitrator's reaching a different conclusion,' the case must go to fresh arbitration rather than to the court for judicial enforcement." *Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484, 491 (1st Cir. 1983) (quoting *Bos. Shipping Ass'n, Inc. v. Int'l Longshoremen's Ass'n (AFL-CIO)*, 659 F.2d 1, 4 (1st Cir. 1981)). The same principle applies here.

The present request is for monetary damages *not included* in the arbitration award. (*See* Dkt. No. 42 at 3.) Moreover, at least some of the amounts now sought stem from defending the

---

[1] Both Shenzhen SMOORE Technology Limited ("SMOORE") and AIRO brands have claimed that NLV has infringed on certain of their patents, and SMOORE has initiated litigation against NLV. (*See* Dkt. No. 2-1 at 16–17, 42 at 3-4.)

[2] The Court did not consider paragraphs 6–8 in the supporting Shlansky declaration (*See* Dkt. No. 47 at 2–3). As such, Petitioner's motion to strike (Dkt. No. 48 at 3 n.1) is moot.

ORDER
C22-1083-JCC
PAGE - 2

1 lawsuit in the Central District of California, which was also not included in the arbitration award. (*See generally* Dkt. No. 2-1.) In addition, damages present a question of fact. *See Dimick v. Schiedt*, 293 U.S. 474, 486 (1935). Here, that factfinder is the arbitrator.

For the foregoing reasons, Petitioner's motion for further relief (Dkt. No. 42) is DENIED.

DATED this 3rd day of April 2024.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE